Requestor: Stephen A. Pechenik, Esq., Town Attorney Town of Pittstown 41 Second Street Troy, N.Y. 12180
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a newly appointed town board member should excuse himself from voting on or participating in discussions concerning proposed land use regulations and appointments to various land use regulatory positions such as the planning board and the zoning board of appeals.
You have set forth the facts in this matter. The town board member was appointed to fill a vacancy on that board. He is employed in the private sector as a project manager for a development company which buys and sells land in the town and which currently owns large amounts of land in the town. The company develops land and currently has several applications for subdivision approval before the town planning board. The question is whether, in light of the town board member's private sector interests, it is proper for him to vote on land use legislation and appointments to land use regulatory positions such as the planning board and zoning board of appeals.
The development of ethics standards to define when private employment and activities are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality. General Municipal Law § 806(1). Governing bodies of a county, city, town, village and school district are required to adopt codes of ethics, which must include these and other standards.Ibid. A code of ethics may provide for the prohibition of conduct in violation of ethics standards. Ibid. Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics. Id., § 808. Thus, we suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand.
Assuming, as you have indicated, that the development company does extensive land development in the town resulting in substantial applications before the planning board and zoning board of appeals, we believe it is prudent that the town board member recuse himself from participating in appointments to the planning board and zoning board of appeals. Also, he should recuse himself from deliberations on land use regulations which will affect his employer's interests. Governmental officers, in exercising the public trust, must avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. Op Atty Gen (Inf) No. 90-57. Even the appearance of impropriety must be avoided in order to maintain public confidence in government.Ibid. In our view, the board member's employment as project manager for the development company compromises his impartial judgment or at least creates in the eyes of the public an appearance of impropriety.
The courts have recognized a disqualifying conflict of interests resulting from a board member's employment with a firm likely to receive business if an application before the board is approved. Taxpayers'Association v Town Board, 69 A.D.2d 320 (2d Dept 1979); see also, Matterof Zagoreos v Conklin, 109 A.D.2d 281, 287 (2d Dept 1985). There are "subtle but powerful psychological pressures" placed on an employee in these situations. Matter of Zagoreos, 109 A.D.2d at 288. Similarly, we believe that the town board member should refrain from participating in legislative decisions in which his firm has or may have a financial interest. The appointment of planning board and zoning board of appeals members gives rise to similar concerns. Participation in these appointments by this town board member, whose private employer will make substantial applications before the planning board and zoning board of appeals, compromises the integrity of those boards.
We note that the decisions of local boards have been set aside based upon judicial findings of conflicts of interests. Zagoreos and Taxpayers,supra.
Thus, it is our view that the town board member should recuse himself in the foregoing situations.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.